UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE SAHLIN, on behalf of herself and a class of similarly situated individuals,<br><br>      Plaintiff,<br><br>v.<br><br>HOSPITAL HOUSEKEEPING SYSTEMS, LLC,<br><br>      Defendant. | Case No.<br><br>CLASS ACTION |

**DEFENDANT HOSPITAL HOUSEKEEPING SYSTEMS, LLC'S**
**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446 and 1453(b), Defendant Hospital Housekeeping Systems, LLC ("HHS"), by its attorneys, gives notice of removal of this action from the Circuit Court of Williamson County, Illinois to the United States District Court for the Southern District of Illinois.

**I. Factual Background**

1. On November 30, 2020, Plaintiff Stephanie Sahlin ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Williamson County, Illinois, styled *Stephanie Sahlin v. Hospital Housekeeping Systems, LLC*, Case No. 2020-L-161 (Cir. Ct. Williamson County). Plaintiff's Complaint named HHS as a defendant and was served on HHS on December 9, 2020. A copy of all process, pleadings, and orders served upon HHS with respect to this action are attached as Group Exhibit A to the Declaration of Mary A. Smigielski, attached hereto as Exhibit 1.

1

2.     A true and correct copy of the Circuit Court of Williamson County docket as of January 8, 2021 is attached as Exhibit B to the Declaration of Mary A. Smigielski, Ex. 1. The remainder of the Williamson County Court file as of January 8, 2021 is attached as Exhibit C to the Declaration of Mary A. Smigielski, Ex. 1.

3.     Plaintiff's Complaint alleges in two separate cause of action that HHS purportedly has violated the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* (BIPA) by: (1) failing to institute, maintain and adhere to a publicly available retention schedule for biometric identifiers or biometric information in violation of 740 ILCS § 14/15(a) (First Cause of Action); and (2) failing to obtain informed consent before obtaining biometric identifiers or information in violation of 740 ILCS § 14/15(b) (Second Cause of Action). *See* Compl. at ¶¶ 44-62.

4.     Plaintiff's First and Second causes of action are premised on the same underlying operative factual allegations, namely that Plaintiff worked for defendant and that "Plaintiff was required to place her fingers on a fingerprint scanner, which scanned, collected and stored her fingerprints each time she 'clocked' in and out as part of the timekeeping system," *id.* at ¶ 29, that "on each occasion of 'clocking in', Plaintiff was granted access to [HHS's] facility in order to begin work," *id.* at ¶ 31, and that "Plaintiff never consented, agreed or gave permission—written or otherwise—to [HHS] for the collection or storage of her unique biometric identifiers and/or biometric information." I*d.* at ¶ 32. Further, Plaintiff alleges HHS "never provided with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers and/or biometric information." *Id.* at ¶ 33.

5.     Based on these and other allegations, Plaintiff asserts claims for reckless, or, alternatively, negligent violations of BIPA and seeks declaratory and injunctive relief as well as statutory damages, attorneys' fees and costs. *Id.* at ¶¶ 52, 62; *see also id.* at pp. 12, 14-15, Prayers

for Relief, subparts A-G. Plaintiff specifically alleges in each of her two causes of action that she is entitled to $5,000 for "each and every violation," whether reckless or negligent, of BIPA and seeks a declaration "[d]eclaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1 *et seq.*" *Id.* at ¶¶ 52, 62; *see also id.* at pp. 12, 14-15 Prayers for Relief, subpart C. Plaintiff seeks to represent a class of similarly situated individuals comprising:

> All individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois

*Id.* at ¶ 39.

6. Plaintiff alleges he "is, and has been at all relevant times, a resident and citizen of Caterville [sic], Illinois." *Id.* at ¶ 17. Plaintiff further alleges that she "began working for Defendant in or around January 2019." *Id.* at 27.

7. Plaintiff alleges HHS is a "foreign limited liability corporation that does business in Illinois, and has a corporate headquarters located at 12495 Silver Creek Road, Dripping Springs, TX 78620." *Id.* at ¶ 18.

8. HHS is in fact a Texas limited liability company that has its principle place of business located in Dripping Springs, Texas. *See* Declaration of Jeff Totten at ¶ 3, attached as Exhibit 2. As a limited liability company, HHS has 59 members. *Id.* None of HHS's 59 members are residents or citizens of Illinois. *Id.*

## II. Removal is Proper As This Court Has Diversity Jurisdiction

9. Removal is proper under 28 U.S.C. § 1332(a) because complete diversity between the parties exists, and the amount of damages in question exceeds the $75,000.00 threshold.

10. District courts have jurisdiction over cases in which the parties are citizens of different states and the amount in question exceeds $75,000.00. 28 U.S.C. § 1332(a). "The

citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of each of the limited liability company's members." *Mathes v. Bayer Corp.*, No. 09-cv-630, 2009 U.S. Dist. LEXIS 75048 *9 (S.D. Ill. August 24, 2009); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (for purposes of diversity jurisdiction, a limited liability company is treated like a partnership and takes on the citizenship of all members). A human being is a citizen of the state of his domicile—the state she considers her permanent home. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991)).

11. Here, HHS is a Texas limited liability company, and none of its members are citizens of Illinois. *See* Totten Dec. at ¶ 3, Ex. 2. As alleged by Plaintiff, she is a "resident and citizen of Caterville [sic], Illinois," Compl. at ¶ 17, and is thus a citizen of Illinois for purposes of analyzing diversity jurisdiction. Accordingly, HHS and Plaintiff are citizens of different states, and complete diversity between the parties exists.

12. This case also satisfies the minimum amount in controversy threshold of $75,000.00. *See* 18 U.S.C. 1332(a). Plaintiff asserts two causes of action against HHS for alleged violations of Sections 15(b) and 15(a) of the Illinois Biometric Privacy Act, 740 ILCS 14/1 *et seq*. and seeks statutory liquidated damages of $5,000.00 per reckless or intentional violation of the statute and/or $1,000.00 in liquidated damages for each negligent violation of the statute. *See* Compl. at ¶¶ 52, 62; *see also id.* at pp. 12, 14-15 Prayers for Relief, subpart C. HHS has reviewed is human resources records and determined that since 2016 (when the timeclock was implemented) and December 9, 2020 (the date Plaintiff filed her Complaint), at least 800 employees used the timeclock that Plaintiff alleges violates BIPA. *See* Totten Dec. at ¶ 4, Ex. 2.

13. Plaintiff seeks recovery for multiple negligent and/or reckless/intentional violations of BIPA. Assuming merely one negligent violation of BIPA at $1,000.00 in damages

4

---

for each of the 800 putative class members, the minimum amount in controversy is in excess $800,000.00. Accordingly, the amount in controversy far exceeds the $75,000.00 jurisdictional threshold, complete diversity between the parties exist, and this Court has diversity jurisdiction over this case under 18 U.S.C. § 1332(a).

### III. Removal is also Proper Pursuant to the Class Action Fairness Act

14.  Plaintiff's claims are also removable because the Class Action Fairness Act ("CAFA") provides the United States District Court for the Southern District of Illinois with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over private class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). Each of these requirements is met in the instant litigation.

**A.   Minimal Diversity.**

15.  Minimal diversity exists under CAFA because Plaintiff and HHS are citizens of different States.

16.  Here, HHS is a Texas limited liability company, and none of its members are citizens of Illinois. *See* Totten Dec. at ¶ 3, Ex. 2. As alleged by Plaintiff, she is a "resident and citizen of Caterville [sic], Illinois," Compl. at ¶ 17, and is thus a citizen of Illinois for purposes of analyzing diversity jurisdiction. Accordingly, HHS and Plaintiff are citizens of different states, which satisfies CAFA's minimal diversity requirements.

17.  Minimal diversity therefore exists under the 28 U.S.C. § 1332(d)(2)(A). *See, e.g., Jarman v. Am. Traffic Sols., Inc.*, No. 19-cv-204, 2019 U.S. Dist. LEXIS 84522 at *6 (N.D. Ill.

May 20, 2019) (finding minimal diversity existed under CAFA where the plaintiff was a citizen of Illinois and the corporate defendant was incorporated in Kansas with its principal place of business in Arizona).

### B.     Number of Class Members

18.     Plaintiff seeks to bring this action on behalf of "[a]ll individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state of Illinois." Compl. at ¶ 39.

19.     Upon a review of its personnel records, HHS's President of Risk and Compliance, estimates that the putative class Plaintiff seeks to represent comprises at least 800 individuals who used the timeclock dating back to 2016, when it was implemented. *See* Declaration of Jeff Totten at ¶ 4, Ex. 2.

20.     Based on Plaintiff's allegations and Mr. Totten's investigation of the claims made in Plaintiff's Complaint, the Court can properly infer that the proposed class consists of more than 100 members and thus satisfies CAFA's requirement that the proposed class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.     Amount in Controversy

21.     Plaintiff seeks an amount in controversy in excess of $5 million. *See* 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." *See* U.S.C. § 1332(d)(6). While Plaintiff has not alleged a specific amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and the overall damages sought.

22.     As stated above and in his Complaint, Plaintiff alleges two separate cause of action that HHS purportedly has violated the Illinois Biometric Information Privacy Act, 740 ILCS §

14/1 *et seq.* (BIPA) by: (1) failing to institute, maintain and adhere to a publicly available retention schedule for biometric identifiers or biometric information in violation of 740 ILCS § 14/15(a) (First Cause of Action); and (2) failing to obtain informed consent before obtaining biometric identifiers or information in violation of 740 ILCS § 14/15(b) (Second Cause of Action). *See* Compl. at ¶¶ 44-62. BIPA provides for $5,000 for each intention or reckless violation of the statute, plus attorney's fees and costs. *See* 740 ILCS 14/15(2)-(3). Assuming Plaintiff prevails on both her Section 15(b) and Section 15(a) claims, and one violation is found for each section, the damages in question would exceed $8,000,000.00 (assuming $5,000.00 in liquidated damages for 2 violations times 800 putative class members). Thus should Plaintiff prevail on both of her claims, statutory damages alone in this case would be well in excess of CAFA's $5 million threshold mandate. *See, e.g.*, *Cothron v. White Castle System*, No. 19 CV 00382, 2020 U.S. Dist. LEXIS 141391 (N.D. Ill. Aug. 7, 2020) (holding "per scan" violation theory of damages under BIPA is plausible); *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

### IV.  Compliance with Removal Statute

23.    This Notice of Removal was properly filed in the United States District Court for the Southern District of Illinois, because the Circuit Court of Williamson County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

24.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

25.     The Complaint was served on HHS on December 9, 2020. *See* Declaration of Mary A. Smigielski at ¶ 3, Ex. 1. Accordingly, this Notice of Removal is timely filed within 30 days of service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

26.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon HHS, as well as all those filed in this action, are attached as Exhibits A, B and C to the Declaration of Mary A. Smigielski, Ex. 1.

27.     Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Williamson County, Illinois today.

28.     HHS is the only named defendant in this lawsuit.

### IV.  Conclusion

29.     Defendant Hospital Housekeeping Systems, LLC respectfully requests this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Williamson County, Illinois.

Dated: January 8, 2021

Respectfully submitted,

s/ Mary A. Smigielski

Mary A. Smigielski
  mary.smigielski@lewisbrisbois.com
Jennifer B. Pigeon
  jennifer.pigeon@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams St., Ste. 500

Chicago, Illinois 60661
Phone: (312) 345-1718

*Counsel for Hospital Housekeeping Systems, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on January 8, 2021, she caused to be filed the foregoing Notice of Removal and corresponding exhibits with the Clerk of the Court for the Northern District of Illinois using the CM/ECF and that she caused to be served true and correct file-stamped copies of the documents to counsel listed below by email.

      Carl V. Malmstrom
         malmstrom@whafh.com
      WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLC
      111 W. Jackson Blvd., Ste. 1700
      Chicago, Illinois 60604
      T: (312) 984-0000
      F: (212) 686-0114

      Joseph I. Marchese
         jmarchese@bursor.com
      Philip L. Fraietta
         pfraietta@bursor.com
      BURSOR & FISHER, P.A.
      888 Seventh Avenue
      New York, NY 10019
      T: (646) 837-7150
      F: (212) 989-9163

*Counsel for Stephanie Sahlin*

                                                  s/ Mary A. Smigielski